second case of the morning call is 2 11 13 14. She can stay in Illinois versus one. J. Tapia on behalf of the comments is Josette Skelman on behalf of the commission. Good morning, Your Honor's counsel. Please support. My name is Josette Skelnick. I'm here this morning on behalf of one Tapia, who's the petitioner defendant in a post conviction proceeding. Mr Tapia is appealing from the third stage denial of his petition for post conviction relief. He alleged in his petition that his plea attorney was ineffective for failing to correct inaccurate information in his pre sentence report, which set forth a Georgia actually to Georgia convictions as felonies when in fact they were misdemeanors. Just as a general matter, the trial court did not find that defense counsel's performance was objectively unreasonable. Correct. The post conviction court. Correct. Well, there were a couple of different things that went into that. Looking at the record, the court said he did not find counsel's performance was objectively unreasonable, but then went on to the prejudice. But in doing that, the common common everyday occurrence in a courtroom in a different state. How does the defense attorney determine that? Other than showing it to his client, asking his client, is this information accurate? Well, I think that goes to the defendant's affidavit, which I, you know, I guess was within their discretion within the judge's discretion. But the defendant's affidavit specifically said, and I believe post conviction counsel also argued this. The defendant said that prior to the sentencing hearing, he had gone over his criminal history with his attorney and that his attorney was aware of the nature of his prior Georgia convictions. The defendant also said that on the day of sentencing, the pre-sentence report was just thrust at him. He only had a few seconds to look at it. That's all well and good. That's the affidavit. At the third stage hearing, who carries the burden? Well, the defendant carries the burden, but his affidavit was not contradicted by his attorney's affidavit. So I think you have to take that for the truth of the matter asserted. The parties agreed that he did not find counsel's performance was objectively unreasonable, but then went on to the prejudice. How does the defense attorney determine that? Other than showing it to his client, asking his client, is this information accurate? Well, I think that goes to the defendant's affidavit. The defendant said that prior to the sentencing hearing, he had gone over his criminal history with his attorney and that his attorney was aware of the nature of his prior Georgia convictions. The defendant also said that on the day of sentencing, the pre-sentence report was just thrust at him. So I think you have to take that for the truth of the matter asserted. The parties agreed that he did not find counsel's performance was objectively unreasonable, but then went on to the prejudice. So I think you have to take that for the truth of the matter asserted. The defense attorney said that prior to the sentencing hearing, he had gone over his criminal history with his attorney and that his attorney was aware of the nature of his prior Georgia convictions. The parties agreed that this was how they were going to proceed to the hearing. So the defendant, the defendant, could the defendant have filed, had he been aware of the mistake, could he have filed a post plea motion, a motion to reconsider or a motion to withdraw? Well, certainly would be difficult for him to do it through this attorney, because his assertion is, my attorney knew about it and didn't correct it. My point is, the defendant has, if the defendant knew about it and didn't correct it, he would have filed a motion to reconsider. If the defendant has that knowledge, he could have filed, as you well know, many defendants filed pro se motions post sentencing, correct? Yeah. If the defendant was aware, would you agree that he could have filed a motion to reconsider because of this mistake that was made? A pro se motion. Well, I suppose possibly, but I think there's a couple issues in this case, which explain a way why that wasn't done. First of all, the judge, after he pled guilty and was sentenced, the judge told this defendant, if you have any problems with this, you have to file a motion to vacate your plea, which was accurate because it was a sentencing cap. But this is not, the defendant in this case has never tried to say that his plea was involuntary. What he's saying is, when the judge came to a decision on what my sentence should be within that cap, he didn't have accurate information. So I think those admonitions, first of all, could have been misleading to him because he didn't understand that he even could do a motion to reconsider. Secondly, this defendant is actually the one who went out ultimately and got the information from the Georgia court and presented it with his post conviction petition. There was no other evidence anywhere of record that indicated that this information was inaccurate. So he actually went out and gathered the information, which in fact I think showed that the charges themselves even were not originally felonies, that the charges were misdemeanors and they state misdemeanors. I think there's also an issue about whether the defendant himself could have been aware of the significance until subsequent proceedings of time. The other thing is, and I know the state has argued that, well, he should have done a motion. Actually, I guess she's saying he should have done a motion to vacate his plea, which is- Well, I think the state's point is that if we're going to grant relief, it's not a new sentencing hearing. It's to give the defendant the option to, if we were to find that there was ineffective assistance, that the state should not be bound by the bargain. The defendant should be given the option of filing a motion to withdraw his plea. Right, which is another issue which we're addressing with the cases we've cited that. Again, this is not a case where he's trying to challenge the plea. He's not saying I don't agree to enter this plea. He's saying the procedure which was used to come to a conclusion was inappropriate, was inaccurate. I was denied a fair sentencing hearing. And the three cases that I've discussed in my reply brief, I think, go to that issue. Economy, and I don't know if I'll pronounce this correctly, but Daguet and Herman. And Dover's another one. Dover, we sent the case back. It was a plea agreement for 20. The trial court mistakenly thought that he had to impose consecutive sentencing, and we sent it back for resentencing, not for a motion to withdraw a plea. Right. But that goes also to the state's argument of forfeiture, that the defendant could have filed a motion. He didn't file a motion. Well, I think it's significant in that respect that we are at the third stage of an evidentiary hearing. Okay, let's say, yeah, we don't know in this case why didn't the defendant, did he talk to his plea attorney and say, hey, you know, that information was inaccurate. I think you need to bring that up, make sure the judge has accurate information. Did the attorney say, I don't remember that, or you have to prove that to me? We don't know why that wasn't followed up on, but nobody ever required him in the course of this post-conviction proceeding to make that allegation and explain it. So I think there's some serious forfeiture issues there. Had the prosecutor in the trial court said, well, why didn't he raise this in a motion to reconsider? It could have been addressed in the course of the post-conviction proceeding, but he wasn't called upon to do that. Yes, they could have put that in their answer at the second stage. Correct. They didn't do that. Correct. Didn't argue it at the third stage either. You would agree that the state has a valid point concerning that there were considerable concessions. First, they dismissed one of the attempt murders. They didn't charge the defendant with bond jumping, which they could have and proven easily. So the defendant went from a sentence of possibly 16 to 75 years down to 6 to 30. And the state's saying, if you're going to reopen this, reopen it. In this case, you mean as a remedy? My argument is they should be bound by the terms of the agreement because the mistake that occurred was no fault of the defendant. It was a material mistake of fact that the trial court, if it affected the sentence. And your argument is that you proved that it did affect the sentence. And I believe it's pretty clear from, yeah, the other thing is. That's what I wanted to talk about too, which is if we're talking about ineffective assistance of counsel, we've got to show, the burden is to show prejudice, correct? Right. But this defendant was sentenced to two years below the cap. So how do you show the prejudice? Well, because. Where is the prejudice? When you look at what impact the improper, and it's clear that this evidence was, this information was inaccurate. When you look at the impact of unreliable or inaccurate information, the rule is in terms of sentencing hearings. That unless the judge gave such insignificant weight to this factor that it made no impact. That the defendant should be given a new sentencing hearing. And I'm looking through the judge's comments here. And again, it's a little odd that the actual sentencing judge did not hear this post conviction petition. He sent it to another judge who was then trying to glean what the original sentencing judge would have done with it. Which was an odd procedure in and of itself. But if you look at the judges, he was essentially, the post conviction judge was essentially in the position of a reviewing court. Because he didn't know from personal knowledge what weight the judge had assigned to it. But there was a transcript. Pardon? Did he have a transcript? He did look at the transcript. Which, in fact, is what I'm looking at. Which I think does show that the judge did not put insignificant weight on this. Because if you look at the judge's transcript. Did not put insignificant? Right. Well. Well, and let me say, considered it. Right. Gave it pretty substantial weight. Because the judge who did the sentencing hearing talked about, in fact, gave the defendant a fair amount of credit for substantial mitigating factors. He said it looks like you've gotten, to a large degree, you've gotten control over your life. The woman who was one of the victims had, in fact, married the defendant. Had a child with him. Had a stable relationship with him. He gave him credit for that. He talked about the fact this defendant, since his extradition, had been a model prisoner in jail. Had been teaching other prisoners to speak English. Had even, you know, while he was out, had gotten, taken computer tech classes. And actually had run a successful chicken farm in Mexico. When Judge Phillips talked about the Georgia convictions, all he did was just say felony conviction in Georgia. Well, what he said, Your Honor, was he said, in aggravation, I am considering your prior criminal history. And he mentioned two things. And he said, you've got this prior Illinois felony disposition. And since this charge, you've had a felony disposition in Georgia. And those were the only two things he mentioned. So he's got a lot of mitigating evidence saying, it seems like you've really rehabilitated yourself. Except for the fact that you've got now a felony disposition in Georgia. So he sends them below the cap. Sends them below the cap. But that doesn't mean that when he specifically says, I am taking into account these felonies in Georgia as an aggravating factor. To me, along with all the mitigating factor he considered, shows that that was considered in aggravation of sentence. There's no dispute that the nature of the crime was correctly described in the pre-sentence investigation report as well as the sentence, correct? I don't believe the defendant disputed that, no. So he got probation to false document cases. Right, in Georgia, you mean. Right. The only offense that he was being sentenced on was Rosario Gonzalez, which actually was, ironically, the less serious offense. She had superficial injuries. She was treated and released. I can't recall if she actually testified or in her statement said she has not suffered any lasting impacts from that. The other victim, alleged victim, was now his wife and came in and presented testimony on his behalf and said that he had really changed and he was now responsible. So yeah, the judge did consider the nature of the offense, but this particular offense was actually the least serious of the ones that he pled guilty to in terms of the charges that were brought. The other argument that the state has made is that the defendant should have spoken up himself at the time of the sentencing hearing. I would say, first of all, he was represented by counsel. He doesn't have a right to both represent himself and to speak up on his own. But I think it's important to point out with respect to cases that, for example, people v. Zapata, which I've cited in my brief, that was a case where the judge, when she sentenced the defendant in a homicide case, it was pretty much just an argument on the street in that case. And the judge said, when sentencing the defendant, I'm aggravating your sentence because you're a gang member and this was gang motivated. Well, neither of those facts were correct. The defendant was no longer a gang member. There was no gang motivation. Nobody spoke up at the time of sentencing to correct the judge on that inaccuracy. And the appellate court said, we're treating this as plain error because it affects the fundamental right to liberty. So I would say that if a defense attorney can't even forfeit this, why is a defendant then obligated to raise this issue when he's represented by counsel? Was the case that you were talking about a plea agreement? That was not. That was a trial. There is a completely different animal when we're talking about plea agreements. Because when you agree, you have agreed that any sentence within that range is appropriate. You've agreed that you will be also, though, Your Honor, that you'll be sentenced in accordance with proper principles of law and that the judge is not going to rely upon it. The information is going to be accurate. Right. As, for example, in Doggett, where we said, although we didn't reach the merits, this court said the defendant should be allowed to have that issue reviewed, which was the argument that the letter that was read was not properly authenticated. It was just taken out of the defendant's truck. And if I could just make one comment, too, on Doggett before I close. Doggett, in fact, was one also with a sentencing cap. The defendant, I think it was a second-degree murder. The defendant had gotten a 20-year sentence, or a 20-year cap, got an 11-year sentence and tried to raise both an argument that the 11 years was excessive and that the judge considered improper hearsay. Your Honor said, you can't make a claim that the sentence is excessive. However, you can make a claim that this judge considered unreliable information, which is exactly what we have here. And I think that's right, that it could have affected the sentence. So, therefore, if it's going to be a material issue in the determination, not unlike a judge who's misled to believe the defendant may have been eligible for extended term and then gives him a sentence close to the cap, same type of argument. It's a material issue. Did it go to the sentence? And if it did, he's entitled to a new sentencing hearing. And you're not depriving the State of any right because the State's agreed, correct? Right. I don't think the State is, as part of the agreement, the State's not agreeing that the judge can consider improper factors or unreliable factors. So that is the relief we're seeking in this case is a new sentencing hearing for Mr. Tapia. Thank you. Thank you. You'll have an opportunity to make rebuttal. Thank you. Ms. Price, you may proceed. Your Honors, Counsel, may it please the Court. I am Colleen Price for the people of the State of Illinois. I know there are several overlapping issues, but the first thing the State would really like to address is the fact about this idea that counsel had awareness, because this goes to the unprofessional era, the first prong of Strickland. In Petitioner's opening brief on page 8, he uses a block quote. He talks about Iowa and Georgia and whatnot, and it's from his attorney. It's also on page 132 of the record. Upon reviewing this in preparation for our oral argument, I found this thing. It says, I'm not quite sure what the probation of the item we're talking about Georgia is about. And that indicates it refutes the affidavit of the petitioner when he says that I talked about my Georgia convictions, my prior criminal history with my attorney. And so that cuts Petitioner's argument right there. What's the context of the quote, Counsel? Is this not taken out of context? No, this is not. Where was this quote at what point? This is in the sentencing hearing. This is in the sentencing hearing. Yes, sentencing hearing. It's in Barry Bosch's, Attorney Bosch's. It's in his rebuttal. The state made the arguments for aggravation and mitigation, and Mr. Bosch is responding to the mention of the Georgia convictions. So the state said what in the sentencing? The state mentioned Georgia and how he got two years probation for the felonies because that's what the PSI said was felonies. And so in rebuttal when, I believe it's rebuttal, yes, his closing statement, he says I'm not quite sure what that probation or what we're talking about that item in Georgia. So actually it shows that he was not aware of Georgia convictions. I apologize. I don't have any record sites, but I remember in looking through the record also that the state might have made an argument that, well, you know, Mr. Bosch just did not represent the petitioner in Georgia, so it was really up to the petitioner. We can take that and say that it was up to the petitioner to allow his attorney to know what, in fact, these convictions were because the Department of Corrections, the probation officer who actually drafted the PSI, was the person who had the resources to go investigate this. And they obviously got it wrong, but that kind of undercuts the awareness here. And we really want to emphasize the fact that petitioner did know about his criminal history. He is in the best position to know about his criminal history. You made two statements, and I was under the impression that based upon the first statement, which was a premise, but it was a speculative premise that the defendant knew what it was, and then you went on and suggested that there was no error or something to that effect, or put another way, that having known that, he should have done something. He had a duty, and he breached it. Yes. Your first premise, how do you establish that he actually knew? Well, Justice Bercow- You put it another way. How do you establish that he remembered what he knew? Assuming that he actually knew when he was sentenced in Georgia that it was for a felony. Well, he would know that it was for a misdemeanor because he actually took a plea of guilty for it. He pled to that charge. There was a felony. Okay, let's assume that he knew. Now explain how he remembered. Well, the PSI is prima facie evidence of his criminal history. It's up to him to go through it and tell his attorney, especially when it comes to other states, and actually come forward in the trial. And then that also goes to our forfeiture argument is, okay, so he says, I didn't get enough time. He threw it at me, whatnot, which is refuted by Mr. Bosch's affidavit where he says, I did go over with him. There's just a timeline thing when is it directly before or directly after? But, I mean, he had that. He knew if he really felt that he didn't have enough time, why didn't he speak up? I mean, the judge admonished him right in the beginning of the sentencing hearing. Did you have enough time to go over the PSI? Do you have any corrections? So the court actually gave him the opportunity to speak up. Directed those questions to the defendant as well as to his lawyer. Yes, exactly. And these admonishments are to the defendant, to the petitioner, and he has that affirmative duty to file a post-plea motion. And counsel did talk about it. So even if he's not represented or even if he's represented by counsel, you're saying he has to then go draft something on his own? He has the obligation to represent himself and file that motion? 604 really does contemplate pro se motions. And I guess this really just goes to there's no unprofessional error here. Here, we'll go into counsel's petitioner is arguing that this was an improper factor, that this error, this felony versus misdemeanor is an error so much that it affected the integrity of the entire proceedings. It didn't. Prior criminal history is a proper factor. What we have here is a mistake within a proper factor. What we have here is the sentencing judge was fully aware that it was for two years probation and that it was for false identification documents, presumably because he was a fugitive or whatnot. There's no question about the nature of this, whether it was a felony or misdemeanor. So you're saying that the fact that something is a felony in a certain state as opposed to a misdemeanor has no significance at all to a sentencing judge? It's not that it has no significance. It's fact sensitive. It's applicable to this case. In this case, it had no significance. But the judge mentioned Judge Phillips did say it was a felony. He did say that. So if it had no significance, why didn't he just talk about the nature of the offense and the sentence that he got probation? But he used the word felony. He did use the word felony, but there is that implication that he did not put enough weight. It's where he said it in the record. He goes on to talk about petitioner's behavior, the commission of the crime, how he lived two different lives, how he lived life on the run and whatnot. It's the placement of the discussion. It's the fact that he was quite aware that it was for false identification. There are improper factors, and there are improper factors. We're not talking about Zapata where this gang, you can clearly tell that it affected the sentence because it was an actual improper factor. We're not talking about race or gender. We're not talking about, for instance, in the sentencing hearing for probation, revocation of probation where the judge finds out that the mother was on crack while she was pregnant and he sentences her to extra jail time because he doesn't want to get her pregnant. So are you saying that prior criminal record is not a significant factor on which a sentencing judge should place weight? It's a qualified yes. Prior criminal history does not constitute an improper factor. However, given the fact-sensitive basis, it could rise to that level, but here it did not. It was two years probation. He went right from Georgia to Illinois after that disposition. So it wasn't like he was convicted and then violated probation. The violation of probation the court was talking about was what happened in Illinois when he violated probation for criminal damage to property and went to the penitentiary, correct? And also, I mean, yeah, correct. And he also has other criminal history. He has DUI, I believe. He also has unlawful use of a weapon. These are all the misdemeanors. So he has more criminal history. Battery arrest and a battery arrest. Yeah, resisting a peace officer is what he's pled to. So when, let's say, you feel that this was the improper factor, it still goes to whether or not it was significant. And we say it was not. This was a mistake of fact at most, at best, and it's de minimis. Can we go back to something? Sure. Seems like this isn't terminating. You said the defendant should have filed a motion. What kind of a motion should he have filed? Well, normal sentence cap law states that they need to file a motion to vacate judgment and withdraw the plea because this is a contractual obligation. You're reneging. The state is abiding by its side, and we dropped two armed violents in an attempt to first degree murder. As Justice Burkett put it, we didn't prosecute him for bail-jumping or anything like that. So we took serious concessions here. However, yes, a defendant is entitled for the judge to consider proper factors. And so it seems that the line of cases, the economy, divider, due date. You said in this particular instance he wouldn't have been required under Linder or Evans possibly to move to vacate the plea, that he should have been allowed to file a motion for reconsideration of the sentence. We still maintain that he should have filed a motion to vacate. That might have been different. We believe that he should have perfected his appeal, whether that was a motion to reconsider or a motion to vacate and withdraw. Wait a second. If you're going to suggest that somebody's forfeited something, it should be based upon some actual realization that what they've done is wrong, as opposed to what they've done is a futile, ineffective, nilius filius or nullity. Nilius filius means no father, which probably is a bastard as well. But be that as it may. Linder and Evans talk about moving to withdraw a plea. Yes. There's nothing in those cases that say anything about you have to do this, even when there was false information or incorrect information presented to the trial court judge. So, therefore, you're applying a holding or, pardon me, you're applying a holding with a different rationale or ratio dissidenti than you are to the facts in this case. You literally are saying that the benefit of the bargain means, because apparently these people somehow agreed to this, that he's agreed, as I think Justice Burkett said, if he didn't infer,  he's agreed to have inaccurate facts presented at the sentencing hearing. He's agreed, literally, to waive every single possible error that might arise, so long as the sentence is one day less than the cap. That's what you are arguing to this court. When my first opening brief, the state was trying to figure out what exactly Petitioner was arguing, whether it was an excessive sentence, was it the procedures. It became more clear in the reply brief. The state board's brief saying that you have to vacate, you have to withdraw. And then in the reply brief, she cited, again, economy and a couple other line of cases. We understand that, and it does seem that this line of cases in the appellate court look into 604D and see that there is an exception for improper procedures. The fact of the matter is, if you were to find ineffective assistance, which we maintain that there's not and there's definitely no prejudice here, it would probably go back for a motion to reconsider, if that anything. Let me ask this question. Justice McClaren is correct. Not every post-plea or post-trial motion has to be a motion to withdraw or a motion to reconsider. Not only does the defense have an obligation to raise issues, the state has an obligation to correct the record. As a lawyer, you have an obligation to bring forward evidence to correct the record, especially where it may have been material in a sentence. You have a Brady obligation. If you become aware of information that is going to reduce the defendant's punishment, you have an obligation to bring it forward and correct it, whether it's within 30 days of the trial or 10 years from the date of the trial. If it has a material effect on a sentence, the state's attorney has an obligation, an ethical obligation, to give the defendant an opportunity to raise that. So your argument is that in examining it, the state determined it had no impact on the sentence, and that's why they didn't just simply agree to a motion to reconsider. Is that essentially what you're saying? Acknowledging this line of cases, Doggett, Economy, Herman, Dover, which all say you can bring a motion to correct an error. Yes. So we acknowledge that that exists. But we're saying here that upon post-conviction review and everything, upon the third stage manifest weight of the evidence, Judge Stride found that Judge Phillips did not rely, it did not affect the sentence, it was insignificant, and prior criminal history, unless the error rises to such a level where it becomes such an element of the offense, or let's say he did commit this in Georgia, if he had committed crimes in other states and this was one in a level of criminal escalation, that would go, because the whole reason that criminal history is presented in these sentencing hearings, it goes to their rehabilitative potential here. And while it was felony versus misdemeanor, his rehabilitative potential was not altered. The felony was for an identification issue. And it's not race, it's not gender, it's not gang, it's not an element of the offense. And so the nature of the crime justifies this sentence. The state maintained that 18 years would have been sufficient under the nature of the offense, his escaping justice and whatnot. So for those reasons, we urge that this court affirm the dismissal at the third stage. Do you happen to know why this case didn't go back to Judge Phillips? We're not aware of why the state at the post-conviction level didn't argue forfeiture. I think it might have had to do with a bit of confusion with usually ineffective assistance of counsel. What I'm getting at is if Judge Phillips was a sentencing judge, it would seem to me that he could probably, unless he forgot, remember how significant or insignificant it were. And if he decided that it was significant, I think he's a fair enough individual that he would have granted the relief. And if he decided to the contrary, he wouldn't have. You know, G.I. Joe used to have a PSA in the last 30 seconds of every show that I had to watch at nauseam when my kids were growing up. And the bottom line was knowing is half the battle. And if anybody knows what kind of effect this was, it was Judge Phillips. So why was this not sent to Judge Phillips, if you know? It's unclear from the record. Defendant had the burden on post-conviction to call witnesses. And all we know from the record is that after they stated that defendant was not going to testify, that they decided to rest on the affidavits. Okay, thank you. So. Any other questions? No. Thank you. Ms. Stelner. Thank you. Your Honor, the only thing I'd like to discuss in rebuttal is I don't believe the state's attorney has accurately reflected the record. With respect to trying to show that the original sentencing hearing somehow contradicts the defendant's affidavit. In fact, the only one at the original sentencing hearing who made reference to the fact that these Georgia convictions or thought these Georgia convictions were felonies was the trial judge. The prosecutor in argument said the defendant had picked up offenses in Georgia for which he was convicted in the sentence. Mr. Beauchesne said, I'm not sure what the item in Georgia is that we're talking about. But to be honest, you know, the offense was manufacturing false identification document. I'm not sure what that offense means either. I don't think that contradicts the defendant's allegation that I told him about my prior criminal history. It's basically him just saying, I'm not sure what those offenses involve. We have that offense in Illinois as well. I don't think I've ever actually seen anyone charge with that. It can be a misdemeanor or felony. Right. It just depends. Yes. Bottom line is I don't think. Your argument is that the judge mistakenly thought these were felonies and it may have affected the sentence. Correct. And that Mr. Beauchesne was aware that they were not in fact felonies. With respect to the day of sentencing, I don't see any indication in the record that the judge was saying, Mr. Tapia, the judge said at the outset of the hearing, have both sides had an opportunity to review the pre-sentence report? Both attorneys said, yes, we have. Again, that does not dispute the defendant's allegation that he only had a few minutes. He didn't have a chance to review everything in it and that Mr. Beauchesne was aware that the information was inaccurate. Do you agree with the state that the other factors, the brutality of the crime, premeditation, all those issues that were present here and many of which were commented on, that those were substantial factors? And the judge did consider that. I think that's something that went from the minimum above the minimum, certainly. But again. You got three years below the agreed upon cap. Right. But again, the only criminal history that this judge mentioned was you got a prior felony in Illinois, and then you had a subsequent felony in Georgia. So in terms of the aggravating factors other than the offense, he relied on two felonies. Well, he also relied upon the entire pre-sentence investigation report and all the other information that was presented. Correct. And used a lot of that in mitigation, however. Ty, if you have no other questions. Well, just one other. Yes. I mean, I think I hear you suggesting that there was a possibility that there was prejudice because of the error. But doesn't the defendant have an obligation to prove more than a possibility? I mean, wouldn't he have had to call other witnesses or present other evidence to actually demonstrate, given the sentence that was given here, to demonstrate the prejudice? What I'm saying is that it's clear from Judge Phillips' comments that he considered a significant factor in aggravation and said, I'm considering in aggravation these two felonies. So I'm not saying it's a possibility. I'm saying that the record reflects that he considered inaccurate information in aggravation. And that was a significant part of the sentence. The defendant wouldn't have had to show that if the judge talked about misdemeanors, that he would have gotten two less years. That if the judge believed it was a misdemeanor? Right, that he would have gotten two less. I think that's just a common-sense application, that if the judge thinks he's being sentenced for a felony and he's committed a felony, I think it's a common-sense understanding that a felony conviction is a pretty significant thing. It certainly affects the defendant's rehabilitative potential. How about this? It's the nature of the offense, really, that guides trial courts, not just whether or not the label's a felony or misdemeanor. For example, a defendant who's facing sentencing on a domestic battery felony, but he has a prior unlawful use of credit card that was a felony, but also a prior battery against his wife, the trial court can give much greater weight to the prior battery against his wife even though it's a misdemeanor and give less weight to the felony. It all depends on the facts of the case. Well, and had Judge Phillips said, you know, you were involved in forging documents, but he didn't even talk about the nature of the offense.  So I don't think you can say that it was the nature of the offense which had a bearing on the decision. It was the classification of it. Thank you. Thank you. There are other cases on the call. We'll take a short recess.